IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                    4:15-CR-00038-10-JM

JOE SHERING JACKSON

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 919) is DENIED.

**I.    BACKGROUND**

On May 3, 2017, Defendant pled guilty to conspiracy to distribute hydrocodone.[1] On November 29, 2017, he was sentenced to 52 months in prison.[2]

**II.   DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Defendant asserts that he is at a higher risk of contracting COVID-19 and suffering serious illness or death because he has pulmonary sarcoidosis, Graves' Disease, hypothyroidism, hypertension, and asthma. First, none of these medical conditions amount to an "extraordinary and compelling" reason warranting release. Although the First Step Act did not define this

---

[1] Doc. Nos. 694, 696.

[2] Doc. Nos. 844, 846.

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[4] None of Defendant's health conditions are listed. In fact, several of Defendant's health issues are common, so there is nothing extraordinary and compelling about them.[5] Defendant has provided no argument or evidence that his conditions are unable to be controlled with medication. Additionally, Defendant's health conditions were not severe enough to prevent him from smoking marijuana for years and using "three and a half grams of [cocaine] on the weekends.[6] Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[7] Third, Defendant is 37 years old, which means he does not meet the age requirement under the Guidelines.

---

[4] Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (I) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(I) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[5] *United States v. Mitchell*, No. 5:10-CR-50067-001, 2020 WL 544703, at *3 (W.D. Ark. Feb. 3, 2020)("The medical conditions about which Mr. Mitchell complains are arguably due to the aging process, but the Court is not convinced that ordinary geriatric ailments, including back pain, rise to the level of 'extraordinary and compelling reasons' that are required to grant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).").

[6] Defendant's December 6, 2017 Presentence Report.

[7] *United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Defendant has seven prior convictions, including commercial burglary and numerous drug convictions. In fact, two of Defendant's prior drug conviction involve the same behavior as the instant offense – possession of prescription medications without a prescription. Furthermore, Defendant has twice been caught in possession of a firearm while in possession of drugs. Previously no charges were filed related to the firearm, but in this case he received a sentencing enhancement for possession of the firearm during a drug trafficking offense.

The severity of the instant offense must also be considered. Just months before his arrest for the instant offense Defendant was twice convicted of driving while intoxicated and illegal possession of prescription drugs. On September 14, 2014, he was again arrested for driving under the influence. A search of the vehicle resulted in seizure of 707 hydrocodone tablets, 1,012 Xanax tablets, 75 muscle relaxer tablets, marijuana, a bottle of codeine cough syrup, and two firearms. The Xanax tablets were in a bottle from Perry County Ford and Drugs. Investigators later learned that a pharmacist at the drug store was illegally distributing the pills that he knew were going to be sold on the streets.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 919) is DENIED.

IT IS SO ORDERED, this 27th day of July, 2020.

_____
UNITED STATES DISTRICT JUDGE